## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                          **NO.: 4:05CR95-P-B**

**DANIEL PALOMENO, REFUGIO BARRON, JR.
LASHON ANDERSON, TONY BARNES,
McCLAIN BRADLEY,  MARCUS CHRISTIAN,
KIM CURTIS, JERMAINE EGGLESTON,
KEITH GARDNER, SHARON HALL,
VERNAL MAGBEE, LAWRENCE PAUL,
GARY RANSOM,  CALVIN SHOEMAKER,
SHADRACH TOWNSEND, CHANISE WESTBROOKS,
ANDREW WILLIAMS, LULU WILLIS,
ANDRE WINFORD, VESTER WRIGHT,
ANTHONY ANDERSON, KEVIN DATES,
SHONDA BURT FORD, DANIEL IBARRA,
DAVID IBARRA, TORIS JACKSON,
KEVIN MATTHEWS, HEZIEKIAH PATTON**

## <u>ORDER</u>

This cause is before the Court on defendant David Ibarra's Motion to Have Trial Conducted in the United States District Court Building in Oxford, Mississippi [489].  The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant Ibarra requests a change of venue for the trial of this matter.  His primary reason for seeking a change of venue is that the majority of the attorneys involved in this case maintain offices that are located closer to Oxford, Mississippi than to Greenville.  Given the complexity of the case and the anticipated length of the trial, Ibarra suggests holding the trial in Greenville would be both inconvenient and cost prohibitive for many of the attorneys.

The government does not object to the relief requested in the defendant's motion. Only one co-defendant, Anthony Anderson, objects to the requested change of venue. Anderson urges that the convenience of the attorneys is not an appropriate factor for consideration in determining venue. Instead, he urges the Court to consider the Court's convenience, the "rights" of the defendants to trial in close proximity to the alleged offenses and the defendants' rights to a jury of their peers within the Greenville Division of the Northern District of Mississippi. More specifically, Anderson contends that the alleged offense took place in Greenville, Mississippi and that, therefore, the witnesses, physical evidence and other items relative to this cause occurred in Greenville, Mississippi or in close proximity thereto.

While Anderson's argument concerning the location of the witnesses and physical evidence militates in favor of a Greenville venue, other competing interests outweigh the convenience of the witnesses. This is a case of some magnitude; several of the defendants and/or witnesses are currently being detained in the Lafayette County Detention Center. Should the trial go forward in Greenville as originally noticed, it will require the transport of those witnesses to a less secure facility in Greenville. Therefore, concerns such as preventing escape, protecting witnesses, jurors, and court officials, and maintaining security of incarcerated witnesses militate in favor of trial in a more well-equipped alternative location. In addition, this case has received substantial media attention in this area; several of the defendants and their family members are well-known in the community. Accordingly, the Court feels that holding the trial in a venue other than Greenville will protect against bias in the minds of potential jurors.

There is no constitutional right to trial in a particular division within a district. United States v. Anderson, 328 U.S. 699 (1946). See also United States v. McKinney, 53 F.3d 665, 673 (5th Cir.

1995). Rule 18 of the Federal Rules of Criminal Procedure merely avers: "[T]he prosecution shall be had in a district in which the offense was committed. The court shall fix the place of the trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice." F.R.Cr.P. 18. Given the security problems attendant to this case, as well as the Court's sua sponte concern for a jury tainted with bias and the fact that an Oxford location is more convenient to defense counsel, the Court will exercise its discretion to relocate the trial of this matter to Oxford. The trial of this matter will commence on July 3, 2006 at 9:00 a.m. in Courtroom 3 East in Oxford, Mississippi.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant David Ibarra's Motion to Have Trial Conducted in the United States District Court Building in Oxford, Mississippi [489] is well-taken and should be, and hereby is, GRANTED for the reasons set forth in the body of this Order. IT IS FURTHER ORDERED that the trial of this cause will take place in Oxford, Mississippi, Courtroom 3 East, at 9:00 a.m. on July 3, 2006.

SO ORDERED, this the 1st day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE